Marie TAYLOR, Administratrix of the Estate of William Henry Taylor, Deceased, Appellant,

v.

Keither BLACKBURN, Appellee.

Court of Appeals of Kentucky.

April 20, 1962.

768

L. D. May, Pikeville, for appellant.

Friend & Mullins, Pikeville, for appellee.

CULLEN, Commissioner.

William Taylor, an employe of Keither Blackburn, was driving Blackburn's truck down a mountain road when the left front door of the cab came open. In endeavoring to close the door Taylor lost control of the truck. It hit a guard rail and Taylor fell out and was killed. His administratrix sued Blackburn for damages for wrongful death on the theory that the truck door was defective and that Blackburn had previous knowledge of the defect. No issue of contributory negligence or assumption of risk was raised, apparently because of the applicability of KRS 342.410. The case was submitted to a jury which returned a verdict for the defendant. Judgment was entered dismissing the complaint and the administratrix has appealed.

Taylor's widow and her father were permitted to testify, over objection, that on two or three occasions about one month before the accident, when Taylor had brought the truck home at night, they had observed that the left door was wired shut. However, on the objection's being renewed at the close of the plaintiff's case the court admonished the jury not to consider this evidence, on the ground that the time of observation was too remote from the date of the accident. The sole contention of the appellant here is that the court erred in giving the admonition.

Had there been evidence that the door came open at the time of the accident because of a defective condition the testimony concerning its having been wired shut a month previous would have been admissible to show knowledge of the defect by the defendant employer. See Coleman v. Freeman, 160 Ky. 57, 169 S.W. 523; Happy-Scuddy Coal Co. v. Combs, 310 Ky. 52, 219 S.W.2d 968. But of the three witnesses who testified concerning the closing of the door by Taylor when he got in the truck to start his trip down the mountain two testified positively that he did not latch the door and was told by a companion that it was not latched, and the other testified that "he pulled it to" but the witness did not know whether it latched and "it could of not latched." In view of this testimony the conclusion is inescapable that the door came open because it was never latched and not because of any defect in the latch. Therefore the evidence concerning the previous wiring shut of the door was not relevant.

The judgment is affirmed.